CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
Eliot Lauer
Jennifer L. Ryan
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000

*Attorneys for Defendant Alessandro Profumo*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | SIPA LIQUIDATION<br><br>Adv. Pro. No. 08-01789 (BRL)<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>SONJA KOHN, et al.,<br><br>Defendants. | Adv. Pro. No. 10-5411 (BRL)<br><br>No. 11 Civ. 1181 (JSR) |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT ALESSANDRO PROFUMO'S MOTION TO
<u>DISMISS COUNTS 1, 2, 20, 21 AND 22 OF THE AMENDED COMPLAINT</u>**

Defendant Alessandro Profumo respectfully submits this Memorandum of Law in support of his motion to dismiss with prejudice Counts 1, 2, 20, 21 and 22 of the Amended Complaint ("Amended Complaint" or "Am. Compl.") filed by plaintiff Irving H. Picard

("Plaintiff"), Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC and the Securities Investor Protection Corporation.[1]

Profumo respectfully hereby adopts, incorporates by reference, and relies upon the defenses and arguments raised by defendants UniCredit S.p.A. ("UCG") and Pioneer Global Asset Management S.p.A. ("PGAM") (UCG and PGAM, together, the "UCG Defendants") in their memorandum of law in support of their motion to dismiss with prejudice Counts 1, 2, 20, 21 and 22 of the Amended Complaint, dated July 25, 2011 ("UCG Defendants' Motion").

As set forth in greater detail in the UCG Defendants' Motion, Counts 1, 2, 20, 21 and 22 of the Amended Complaint should be dismissed as to the UCG Defendants because:

1. The Racketeer Influenced and Corrupt Organizations Act ("RICO") claims (Counts 1 and 2) (the "RICO Claims") asserted in the Amended Complaint are barred by the Private Securities Litigation and Reform Act of 1995.

2. The RICO Claims asserted in the Amended Complaint are barred because they are extraterritorial in nature.

3. The Amended Complaint fails to state a RICO Claim against the UCG Defendants under either 18 U.S.C. § 1962(c) or 18 U.S.C. § 1962(d).

4. Plaintiff lacks standing to bring either the RICO Claims or the common law claims (Counts 20, 21 and 22) (the "Common Law Claims") asserted in the Amended Complaint.

---

[1] Profumo does not hereby submit to the personal jurisdiction of this Court, and makes only those arguments permitted by the Court's order of limited withdrawal, which does not allow him to raise all arguments that he would expect to make or be required to raise at this procedural stage under Rule 12. Accordingly, Profumo makes this motion without waiving any rights, arguments or defenses, including his right to contest personal jurisdiction.

      5.      The Common Law Claims asserted in the Amended Complaint are barred by the Securities Litigation Uniform Standards Act.

Profumo adopts and relies upon the defenses and arguments raised in the UCG Defendants' Motion, which are equally applicable to Profumo. Moreover, the Amended Complaint is deficient as to Profumo for the following additional reasons:

As set forth in greater detail in the UCG Defendants' Motion, Plaintiff must allege facts sufficient to establish all the elements of each RICO Claim asserted. Yet Plaintiff fails to allege any facts that would establish any elements of a RICO Claim as to Profumo. Instead, the *only* allegations Plaintiff makes as to Profumo are: (i) that Profumo directed that Pioneer replace BA Worldwide as the investment manager and adviser to Primeo Fund; (ii) that Profumo sought to conceal Primeo Fund's investment with BLMIS by directing that it be invested indirectly through various feeder funds; and (iii) that Profumo "enjoyed a close working relationship with Kohn," frequently calling her directly. (*See* Am. Compl., ¶¶ 339-40, 349; RCS,[2] p. 31, ¶ 4(a); RCS, p., 83, ¶ 20; RCS, p. 85, ¶ 22.) As is clear, the entirety of the allegations Plaintiff makes as to Profumo are vague and wholly conclusory.

---

[2] References to "RCS" are to the RICO Case Statement submitted by Plaintiff in this action.

For the reasons set forth above and in the UCG Defendants' Motion, Defendant Alessandro Profumo respectfully submits that Counts 1, 2, 20, 21 and 22 of the Amended Complaint as to him should be dismissed with prejudice.

Dated: July 25, 2011
      New York, New York

                Respectfully submitted,

                CURTIS, MALLET-PREVOST,
                   COLT & MOSLE LLP


                By:___/s/ Eliot Lauer_____
                     Eliot Lauer
                     Jennifer L. Ryan

101 Park Avenue
New York, New York 10178
Telephone:  (212) 696-6000
Facsimile:  (212) 697-1559
E-Mail:     elauer@curtis.com
              jryan@curtis.com

*Attorneys for Defendant Alessandro Profumo*

9978562