CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
Eliot Lauer
Michael Moscato
Jennifer L. Ryan
101 Park Avenue
New York, New York 10178-0061
Telephone:  (212) 696-6000

*Attorneys for Defendant Alessandro Profumo*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | SIPA LIQUIDATION<br><br>Adv. Pro. No. 08-01789 (BRL)<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>SONJA KOHN, et al.,<br><br>Defendants. | Adv. Pro. No. 10-5411 (BRL)<br><br>No. 11 Civ. 1181 (JSR) |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT ALESSANDRO PROFUMO'S MOTION TO
DISMISS COUNTS 1, 2, 20, 21 AND 22 OF THE AMENDED COMPLAINT**

## **TABLE OF AUTHORITIES**

**Cases**
*Ashcroft v. Iqbal*,
   129 S. Ct. 1937 (2009)................................................................................................................ 3
*Lerner v. Fleet Bank, N.A.*,
   318 F.3d 113 (2d Cir. 2003)........................................................................................................ 8
*Picard v. HSBC Bank, PLC*,
   --- B.R. ---, No. 11 Civ. 763 (JSR), 2011 WL 3200298 (S.D.N.Y. July 28, 2011), *appeal
   docketed*, No. 11 Civ. 763 (JSR) (2d Cir. Aug. 26, 2011) ......................................................... 4
*Picard v. Kohn, et al.*,
   No. 11 Civ. 1181 (JSR) (S.D.N.Y. Sept. 6, 2011) ................................................................... 4, 8

**Statutes**
18 U.S.C. § 1962 (2011) ................................................................................................................ 2

Defendant Alessandro Profumo respectfully submits this reply memorandum of law in further support of his motion to dismiss with prejudice Counts 1, 2, 20, 21 and 22 of the Amended Complaint.[1]

Dismissal as to Profumo is clearly appropriate on the record before this Court. The Amended Complaint (as well as the proposed Second Amended Complaint ("Proposed Amended Complaint" or "Prop. Am. Compl.") submitted by Plaintiff on August 29, 2011, as Exhibit A to the *Trustee's Memorandum of Law in Opposition to Motions to Dismiss*, dated August 29, 2011 [Docket No. 53] (the "Opposition" or "Opp.")), fails to set forth any facts as to Profumo to support any claim for relief, particularly a claim under either the Racketeer Influenced and Corrupt Organization Act ("RICO") or the applicable common law.

Moreover, because the Proposed Amended Complaint is fatally deficient as to all moving defendants, including Profumo, Profumo adopts, incorporates by reference, and relies upon the defenses and arguments raised in the reply memorandum of law of defendants UniCredit S.p.A. ("UCG") and Pioneer Global Asset Management S.p.A. (the "UCG Reply"), as well as all defenses and arguments raised in the reply memorandum of law of defendant UniCredit Bank Austria AG (the "BA Reply"). For all of these additional reasons, the claims as to Profumo should be dismissed.

**PRELIMINARY STATEMENT**

In our opening memorandum, we demonstrated that the Amended Complaint fails to state a claim against Profumo because, *inter alia*, it fails to plead facts that would plausibly

---

[1] Profumo submits this memorandum of law pursuant to the *Stipulation and Consent Order* entered by this Court on July 26, 2011 [Docket No. 48]. Profumo does not hereby submit to the personal jurisdiction of this Court, and submits this memorandum of law without prejudice to, and without waiver of, any rights, arguments or defenses he may have at law or equity including, without limitation, personal jurisdiction.

allege a claim as to him under either the RICO statute[2] or the common law.[3]  (*See Memorandum of Law in Support of Defendant Alessandro Profumo's Motion to Dismiss Counts 1, 2, 20, 21 and 22 of the Amended Complaint*, dated July 25, 2011 [Docket No. 39] ("Profumo's Motion").)  Instead, the entirety of the allegations contained in the Amended Complaint as to Profumo are vague and wholly conclusory.  Indeed, while Plaintiff loudly proclaims an undefined "relationship" between Profumo and Kohn, it is telling that Plaintiff fails to reference a single telephone call or meeting -- or a single item of correspondence, including a single email -- between Kohn and Profumo during the many years that Kohn was said to have engaged in the conduct that is the subject of the lawsuit.  It is also telling that Plaintiff fails to allege any facts supporting even that Profumo knew Madoff existed or that Madoff had a relationship with Kohn.

In Opposition, Plaintiff does not seriously contend that the allegations of the Amended Complaint plausibly allege a claim against Profumo.  Rather, in tacit recognition of this fundamental deficiency, Plaintiff seeks to resuscitate its claims by adding a handful of new allegations as to Profumo by way of the Proposed Amended Complaint.  Yet the Proposed Amended Complaint is as deficient as the Amended Complaint, because it too fails to set forth facts that would support any element of a claim against Profumo.  Given the absolute paucity of facts to support Plaintiff's claims as to Profumo, it is incredible that Plaintiff would persist in pursuing them.

In addition, Plaintiff's RICO claims should also be dismissed as to Profumo because Plaintiff lacks standing to assert them.  To establish standing under the RICO statute, Plaintiff must plead facts to support the contention that Profumo directly caused the injury

---

[2] Plaintiff asserts two RICO claims against Profumo, one under Section 1962(c) and another under Section 1962(d).  18 U.S.C. § 1962 (2011).

[3] As to Profumo, Plaintiff asserts the common law claims of unjust enrichment, conversion, and money had and received.

2

alleged.  However, no such facts are contained in either the Amended Complaint or the Proposed Amended Complaint.  Indeed, Plaintiff fails to plead that Profumo knew Madoff was operating a Ponzi scheme, or that the Ponzi scheme rendered BLMIS insolvent.  Such failure prevents a finding that any conduct attributed to Profumo, as the CEO of UCG, directly caused the alleged harm, because, without such knowledge, the alleged harm, *i.e.*, BLMIS's deepening insolvency, was not "reasonably foreseeable" to him.  Nor does the Proposed Amended Complaint fare any better when dealing with the so called separate "Illegal Scheme."  There are no pleaded facts to suggest any connection whatsoever between Profumo and this so called separate scheme, and there are no facts to suggest that Profumo had any knowledge of or culpable participation in any purportedly improper or deceitful conduct by UCG or any of its employees.

Before claiming in a high profile document that the CEO of one of Europe's largest banks participated in the activity alleged, any plaintiff, including a bankruptcy Trustee, should have some facts connecting the defendant with the alleged racketeering or deceitful activity.  Because Plaintiff lacks any such facts with respect to Profumo, Plaintiff has failed to plead such facts.  Plaintiff's RICO claims against Profumo should be dismissed.

## ARGUMENT

### I.

### PLAINTIFF FAILS TO ADEQUATELY PLEAD A CLAIM AS TO PROFUMO

Plaintiff has attempted to cure the deficiencies of the Amended Complaint as to Profumo by seeking to replead to include additional allegations as to him.  However, the entirety of Plaintiff's allegations as to Profumo continue to consist of "'naked assertion[s]' devoid of 'further factual enhancement,'" which are insufficient to survive a motion to dismiss.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("[t]o survive a motion to dismiss, a complaint must contain

3

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'").[4]

Plaintiff does not dispute that, to establish a claim under RICO against Profumo, it must allege, *inter alia*, sufficient facts such that its complaint "plausibly alleges that [Profumo] participated in the 'operation or management' of the enterprise, that is, that [Profumo] played 'some part in *directing* the enterprise's affairs.'" Memorandum Order, *Picard v. Kohn, et al.*, No. 11 Civ. 1181 (JSR), at 9 (S.D.N.Y. Sept. 6, 2011) (quoting *First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 176 (2d Cir. 2004)); *see* Opp., p. 16.). Plaintiff also does not dispute that it must allege such participation as to Profumo specifically, and with sufficient particularity to meet the requirements of Rule 9(b) -- although Plaintiff asserts that its Rule 9(b) pleading standard is lower. (*See* Opp., pp. 16-22, n. 24 (attempting to establish Defendants' involvement in the alleged enterprise and asserting that it has met Rule 9(b), although claiming that the Rule 9(b) standard is lower as to Plaintiff).) Nevertheless, whether considered under Rule 9(b), the lower Rule 9(b) standard alleged by Plaintiff, or Rule 8, neither the Amended Complaint nor the Proposed Amended Complaint sufficiently allege that it is plausible that Profumo "directed" the purported enterprise's affairs.[5]

In the Proposed Amended Complaint, Plaintiff continues to assert: (i) that Profumo directed that Pioneer replace BA Worldwide as the investment manager and adviser to

---

[4] Due to this Court's decision in *Picard v. HSBC Bank, PLC*, --- B.R. ---, No. 11 Civ. 763 (JSR), 2011 WL 3200298, at *9 (S.D.N.Y. July 28, 2011), *appeal docketed*, No. 11 Civ. 763 (JSR) (2d Cir. Aug. 26, 2011), Profumo focuses in this memorandum of law on Plaintiff's RICO claims as to him. Profumo continues to observe that the Amended Complaint (as well as the Proposed Amended Complaint) also fails to assert facts that would plausibly allege the common law claims asserted against him. Further, Profumo relies upon the defenses and arguments raised in the UCG Reply with respect to the common law claims, which are also applicable as to him.

[5] As discussed more fully in both the UCG Reply and BA Reply, neither the Amended Complaint nor the Proposed Amended Complaint plausibly alleges *any* of the elements required to bring a RICO claim against Profumo.

4

Primeo Fund; (ii) that Profumo sought to conceal Primeo Fund's investment with BLMIS by directing that it be invested indirectly through various feeder funds; and (iii) that Profumo "enjoyed a close working relationship with Kohn."[6] (*See* Prop. Am. Compl., ¶¶ 141, 459, 465, 475, RCS,[7] p. 31, ¶ 4(a); RCS, p., 83, ¶ 20; RCS, p. 85, ¶ 22.)  These allegations are wholly conclusory, lack factual support and, even if true, would not support that Profumo "directed" the affairs of the purported enterprise.

       First, even if true, the existence of an undefined "relationship" between Profumo and Kohn would not be sufficient to establish that Profumo had any involvement in the purported enterprise.  (*See* Prop. Am. Compl., ¶¶ 141, 459, 465.)  Further, without citing to a single communication or meeting between Profumo and Kohn, Plaintiff has not established what the alleged relationship entailed or that any such relationship even existed.

       Plaintiff's allegations that Profumo directed that Pioneer replace BA Worldwide as the investment manager and adviser to Primeo Fund, and that Primeo Fund invest in BLMIS indirectly through various feeder funds, are similarly insufficient.  (*See* Prop. Am. Compl., ¶ 475, RCS, p. 31, ¶ 4(a); RCS, p., 83, ¶ 20; RCS, p. 85, ¶ 22.)  Plaintiff asserts no facts supporting the conclusory allegation that Profumo sought to conceal Primeo Fund's investment with BLMIS.  Plaintiff also asserts no facts supporting that Profumo was even aware that the alleged enterprise existed, or that Profumo intended to further such enterprise by replacing BA Worldwide and altering Primeo Fund's investment in BLMIS.  The mere allegation that Profumo's lawful actions coincidentally furthered an enterprise of which he was not even aware does not establish that Profumo "directed" the affairs of such enterprise.

---

[6] As discussed in Profumo's opening memorandum of law, these are the only allegations contained in the Amended Complaint as to him.  (*See* Profumo's Motion, p. 3.)

[7] References to "RCS" are to the RICO Case Statement submitted by Plaintiff in this action.

In addition, Plaintiff's new allegations as to Profumo do not cure the deficiencies of the Amended Complaint. Paragraph 482 of the Proposed Amended Complaint is exemplary of the inadequacies of these new allegations.[8] Paragraph 482 states:

> 482. On July 2, 2007, Christian Voit sent an email to high-ranking executives at HVB. Profumo, who in addition to being UniCredit's CEO and Chairman, served as Chairman of HVB's Supervisory Board. The email reports Absood's findings concerning Madoff's lack of transparency and inherent risks linked with Bank Medici's Herald Fund.

(*See* Prop. Am. Compl., ¶ 482.) This clever juxtaposition of two sentences, to create a misleading impression that Profumo received the alleged email, does nothing to establish that Profumo "directed" the affairs of the purported enterprise. As a threshold matter, Plaintiff does not even allege that Profumo received the email to which it is referring. While Plaintiff alleges that the email was sent to "high-ranking executives at HVB," Plaintiff does not allege that

---

[8] All other new allegations included in the Proposed Amended Complaint concerning Profumo are similarly inadequate because none of them make any connection between Profumo and the alleged "Illegal Scheme." Those new allegations are as follows:

> 459. During Kohn's tenure at Funds World she met Profumo at least five years before UniCredit's acquisition of Bank Austria.
>
> \* \* \* \*
>
> 465. On information and belief, Kohn bragged about her relationship with Profumo and would often remark *to her employees at Bank Medici* that he frequently called her directly. . .
>
> \* \* \* \*
>
> 485. Absood's story is not an isolated event. UniCredit's board of directors meeting on December 23, 2008 revealed that other internal documents questioning Profumo and Gutty's decision to acquire Kohn's back door access to Madoff had been suppressed and/or ignored.

(*See* Prop. Am. Compl., ¶¶ 459, 465, 485) (emphasis added in ¶ 465 to new allegations only).)

Profumo was such an executive at HVB[9] in July 2007. (*Id.*, ¶¶ 143, 482.) Clearly, if the email had been directed to Profumo, Plaintiff would have so alleged. Plaintiff's failure to do so is not an oversight.

In this regard, it is revealing that the Draft Proposed Second Amended Complaint sent by Trustee's counsel to Profumo's counsel on August 22, 2011 explicitly alleged that the email was sent to Profumo. (*See* Ryan Decl. Ex. 1[10] at ¶ 485.)[11] However, in the Proposed Amended Complaint filed with this Court, Plaintiff retracts that allegation. There can only be one explanation for Plaintiff's retraction -- Plaintiff has no basis whatsoever to claim that the alleged email was sent to Profumo.

Thus, notwithstanding Plaintiff's acknowledgment in the Opposition that it must establish all the elements of a RICO claim as to each individual defendant, Plaintiff fails to offer any facts supporting that Profumo "directed" the affairs of alleged enterprise. Nor does Plaintiff offer any facts to support that Profumo acted with the requisite *scienter*. (*See* Opp., pp. 18-20.) Rather, Plaintiff simply lumps Profumo in with various other Defendants, asserting conclusory allegations that are wholly lacking in factual support. (*See, e.g.*, *id.*, pp. 19, 23 ("[t]he Moving

---

[9] Adopting the definition ascribed to it in the Proposed Amended Complaint, references to HVB are to HypoVerinsbank.

[10] References in the form "Ryan Decl. Ex. __" are to the Declaration of Jennifer L. Ryan in Further Support of Defendant Alessandro Profumo's Motion to Dismiss Counts 1, 2, 20, 21 and 22 of the Amended Complaint, dated Sept. 12, 2011.

[11] Paragraph 485 of the Draft Proposed Second Amended Complaint provides:

> 485. On July 2, 2007, Absood's direct supervisor, Christian Voit, sent an email to high-ranking executives at HVB and UniCredit, including Profumo who in addition to being UniCredit's CEO and Chairman, served as Chairman of HVB's Supervisory Board. The email reports Absood's findings concerning Madoff's lack of transparency and inherent risks linked with Bank Medici's Herald Fund.

(*See* Ryan Decl. Ex. 1 at ¶ 485.)

7

Defendants deliberately engaged in the Illegal Scheme and the Trustee has abundantly pled their scienter" and "Profumo . . . had knowledge of, or [was] recklessly indifferent toward, the unlawful activity of the other members of the Medici Enterprise").)

In sum, the allegations asserted in both the Amended Complaint and the Proposed Amended Complaint are wholly conclusory and insufficient to establish that Profumo participated in the purported enterprise. The entirety of Plaintiff's allegations as to Profumo's involvement in the enterprise consists of "'naked assertion[s]' devoid of 'further factual enhancement,'" which are insufficient to survive a motion to dismiss.

## II.

## PLAINTIFF LACKS STANDING TO<br>BRING A RICO CLAIM AGAINST PROFUMO

Plaintiff's RICO claims against Profumo must also be dismissed because Plaintiff lacks standing to bring them. To demonstrate standing under RICO, a plaintiff must allege, *inter alia*, that the "defendant's injurious conduct [was] both the factual and proximate cause of the [alleged] injury." *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 120, 123 (2d Cir. 2003) (under the RICO statute, "a person is not liable to all those who may have been injured by his conduct, but only to those . . . whose injury was reasonably foreseeable or anticipated as a natural consequence"). As this Court has held, to demonstrate such proximate cause, Plaintiff must allege that Profumo "*directly* caused injury to Madoff investors, . . . [notwithstanding] the intervening misconduct of the two primary bad actors, Madoff and [BLMIS]." Memorandum Order, *Picard v. Kohn, et al.*, No. 11 Civ. 1181 (JSR), at 8 (S.D.N.Y. Sept. 6, 2011). Plaintiff has not met this burden.

Plaintiff fails to include any factual allegations in the Amended Complaint (or the Proposed Amended Complaint) supporting the claim that any conduct by Profumo directly

8

caused the alleged injury. In the Opposition, Plaintiff attempts to cure this deficiency by contending that Defendants "dramatically deepened BLMIS's insolvency through the injection of billions of dollars into the already-insolvent corporation." (*See* Opp., p. 9.) Plaintiff also contends that Defendants' "racketeering activity specifically targeted the Estate." (*Id.*, p. 10.) These contentions, however, simply lump all Defendants together and lack any specificity as to Profumo.[12] Further, these contentions rest on a major assumption -- that Profumo *knew* that Madoff was utilizing BLMIS to operate the Ponzi scheme, and that the Ponzi scheme rendered BLMIS insolvent, such that the alleged injury was "reasonably foreseeable" to him.[13] Indeed, Plaintiff asserts that "Defendants consciously disregarded that BLMIS was insolvent," but, as is typical of the Amended Complaint (as well as the Proposed Amended Complaint), this assertion is wholly conclusory and lacking in specificity as to Profumo. (*Id.*, p. 12.) Plaintiff's failure to assert any factual allegations to support that Profumo "injected" money into BLMIS,[14] knew Madoff was a fraud, or knew that BLMIS was insolvent compels a finding that Profumo did not engage in conduct that directly caused the alleged injury.

Because Plaintiff has not sufficiently pled that the alleged harm was a direct result of any conduct attributed to Profumo, Plaintiff lacks standing to assert a RICO claim against him.

---

[12] Even if Plaintiff adequately pled that any conduct by Profumo "specifically targeted the Estate," this argument would still fail because it is contrary to Plaintiff's own characterization of the purpose of the purported scheme -- to defraud the "clients of [UCG], Bank Austria, and Bank Medici." (*See* Opp., pp. 2, 10.) Thus, if Defendants' conduct did in fact have a target, such target was those clients, not BLMIS. Further, if Defendants had specifically targeted the Estate, the "Illegal Scheme" would certainly have ceased upon the collapse of BLMIS. According to Plaintiff, however, "[t]he Medici Enterprise . . . continues." (*Id.*, p. 5 n. 5.)

[13] Without any such knowledge, Profumo certainly would have believed that BLMIS benefited from an "injection" of money. The alleged injury would only have been foreseeable if Profumo knew that Madoff was utilizing BLMIS to operate the Ponzi scheme.

[14] Plaintiff also cannot rely on an "injections" of money made by UCG or any of its subsidiaries or affiliates to establish its burden as to Profumo. While Plaintiff contends that Defendants "cannot avail themselves of the corporate formalities," Plaintiff has not made a single factual allegation supporting that corporate formalities should in fact be disregarded. (*See* Opp., p. 13.)

9

## CONCLUSION

For the reasons set forth herein, Defendant Alessandro Profumo respectfully submits that Counts 1, 2, 20, 21 and 22 of the Amended Complaint as to him should be dismissed with prejudice.

Dated: September 12, 2011
      New York, New York

                    Respectfully submitted,

                    CURTIS, MALLET-PREVOST,
                      COLT & MOSLE LLP


By: /s/ Eliot Lauer
      Eliot Lauer
      Michael Moscato
      Jennifer L. Ryan

101 Park Avenue
New York, New York 10178
Telephone:  (212) 696-6000
Facsimile:  (212) 697-1559
E-Mail:    elauer@curtis.com
            mmoscato@curtis.com
            jryan@curtis.com

*Attorneys for Defendant Alessandro Profumo*

10253053